```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                    Case No. 17-00457-RNO
Jodi Estelle Cable                                        Chapter 13
         Debtor                 **CERTIFICATE OF NOTICE**

District/off: 0314-1        User: AGarner        Page 1 of 2        Date Rcvd: Mar 13, 2017
                            Form ID: pdf002      Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2017.
```
db            +Jodi Estelle Cable,    40 Cedar Avenue,    Gettysburg, PA 17325-8530
4881268        AES / PHEAA,    PP Box 61047,    Harrisburg, PA 17106
4891686       +American Education Services,    PO BOX 8183,    HARRISBURG, PA 17105-8183
4881269      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court:  Bank of America,    PO Box 982235,    El Paso, TX 79998-2235)
4881270       +Belco Community Credit,    403 North 2nd Street,    Harrisburg, PA 17101-1377
4895229       +Belco Community Credit Union,    449 Eisenhower Blvd,    Harrisburg, PA 17111-2301
4881272       +CBNA / Best Buy,    50 Northwest Point Road,    Elk Grove Village, IL 60007-1032
4881273       +Citi,    PO Box 6241,    Sioux Falls, SD 57117-6241
4886790       +Citizens Bank N.A.,    1 Citizens Drive Mailstop ROP15B,    Riverside, RI 02915-3019
4881274       +Citizens One Auto Finance,    480 Jefferson Boulevard,    Warwick, RI 02886-1359
4881275       +Comenity Bank/ Value City Furniture,    PO Box 182789,    Columbus, OH 43218-2789
4881277       +First National Bank of Omaha,    PO Box 3412,    Omaha, NE 68103-0412
4887548       +First National Bank of Omaha,    1620 Dodge Street, Stop code 3105,    Omaha, NE 68197-0002
4881284       +PayPal Credit,    PO Box 5138,    Timonium, MD 21094-5138
4881285       +Penn Credit,    916 South 14th Street,    Harrisburg, PA 17104-3425
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4881276        E-mail/Text: mrdiscen@discover.com Mar 13 2017 19:02:28     Discover Financial Services, LLC,
                 PO Box 15316,    Wilmington, DE 19850
4883577        E-mail/Text: mrdiscen@discover.com Mar 13 2017 19:02:28     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
4881278        E-mail/Text: bnckohlsnotices@becket-lee.com Mar 13 2017 19:02:30     Kohl's / Capital One,
                 N56 West 17000 Ridgewood Drive,    Menomonee Falls, WI 53051
4881279        E-mail/Text: camanagement@mtb.com Mar 13 2017 19:02:36     M&T Bank,    1 Fountain Plaza,
                 Buffalo, NY 14203
4881286       +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:04     Synchrony Bank / Amazon,
                 PO Box 965015,    Orlando, FL 32896-5015
4881287       +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:05     Synchrony Bank / Lowe's,
                 PO Box 956005,    Orlando, FL 32896-0001
4881288       +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:13     Synchrony Bank / TJMaxx,
                 PO Box 965005,    Orlando, FL 32896-5005
4881289       +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:00     Synchrony Bank / Walmart,
                 PO Box 965024,    Orlando, FL 32896-5024
4881290       +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2017 19:10:05     Synchrony Bank / Wolf Furniture,
                 PO Box 965036,    Orlando, FL 32896-5036
                                                                                        TOTAL: 9
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4881271*      +Belco Community Credit,    403 North 2nd Street,    Harrisburg, PA 17101-1377
4881280*     ++M&T BANK,    LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,    WILLIAMSVILLE NY 14221-7748
               (address filed with court:  M&T Bank,    1 Fountain Plaza,    Buffalo, NY 14203)
4881281*     ++M&T BANK,    LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,    WILLIAMSVILLE NY 14221-7748
               (address filed with court:  M&T Bank,    1 Fountain Plaza,    Buffalo, NY 14203)
4881282*     ++M&T BANK,    LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,    WILLIAMSVILLE NY 14221-7748
               (address filed with court:  M&T Bank,    1 Fountain Plaza,    Buffalo, NY 14203)
4881283*     ++M&T BANK,    LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,    WILLIAMSVILLE NY 14221-7748
               (address filed with court:  M&T Bank,    1 Fountain Plaza,    Buffalo, NY 14203)
                                                                    TOTALS: 0, * 5, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2017                                Signature:  /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2017 at the address(es) listed below:

      Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
      James  Warmbrodt   on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
      Paul Donald Murphy-Ahles   on behalf of Debtor Jodi Estelle Cable pmurphy@dplglaw.com,
       kgreene@dplglaw.com
      United States Trustee   ustpregion03.ha.ecf@usdoj.gov

              TOTAL: 4

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

JODI ESTELLE CABLE

: **CHAPTER 13**
: **CASE NO.** 1 - 17 **-bk-** 00457
:
: **CHAPTER 13 PLAN**
:
:     **(Indicate if applicable)**
:     **# MOTIONS TO AVOID LIENS**
:     **# MOTIONS TO VALUE COLLATERAL**
:
: ✔ **ORIGINAL PLAN**
:     **AMENDED PLAN**
:         **(Indicate 1ST, 2ND, 3RD, etc.)**

---

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY.  If you oppose any provision of this plan you must file a timely written objection.  This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

**PLAN PROVISIONS**

**DISCHARGE:**   (Check one)

✔      The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ]      The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:**   (Check if applicable)

✔      This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan.  Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered.  This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8.  The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

## 1. PLAN FUNDING AND LENGTH OF PLAN

### A. Plan Payments

1. To date, the Debtor(s) has paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ 20,880.00 , plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 02/17 | 01/22 | $348.00 | $0.00 | $348.00 |

| | | |
|---|---|---|
| Total Payments: | $ | 20,880.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor(s) is at or under median income

☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ 20,833.80 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

### B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____ . All sales shall be completed by

2

_____, 20____.  If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____

2.    Other payments from any source(s) (describe specifically) shall be paid to
the Trustee as follows: _____

3.    The Debtor estimates that the liquidation value of this estate is
$_____.  (Liquidation value is calculated as the value of all non-
exempt assets after the deduction of valid liens and encumbrances and
before the deduction of Trustee fees and priority claims.)

**2.    SECURED CLAIMS**

A.    <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the
following amounts will be paid by the Debtor to the Trustee.  The Trustee will
disburse these payments for which a proof of claim has been filed as soon as
practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment,
or if it is not paid on time and the Trustee is unable to pay timely a payment due on a
claim in this section, the Debtor's cure of this default must include any applicable late
charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including
statements, payment coupons, impound and escrow notices, and notices concerning
changes of the interest rate on variable interest rate loans.  If any such notice informs the
Debtor that the amount of the payment has increased or decreased, the change in the plan
payment to the Trustee will not require modification of this plan.

B.    <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside
the plan according to the original contract terms, with no modification of contract
terms, unless otherwise agreed to by the contracting parties, and with liens
retained.  All mortgage and other lien claim balances survive the plan if not
avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank | 40 Cedar Avenue Gettysburg, PA 1732 | $ 804.00 | $ 89,581.00 |
| Belco Community Credit | 40 Cedar Avenue Gettysburg, PA 1732 | $ 448.00 | $ 24,683.00 |
| Citizens One Auto Finance | 2015 Kia Sorento | $ 376.00 | $ 19,180.00 |
| | | $ | $ |

C.  Arrears.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

D.  Secured Claims Paid According to Modified Terms.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  | $ | % $ |  |  |
|  |  | $ | % $ |  |  |
|  |  | $ | % $ |  |  |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

      E.    <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % $ |  |
|  |  | $ | % $ |  |
|  |  | $ | % $ |  |

      F.    <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

5

G.  <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN.  OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>.  Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions.  (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)  Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

**3.  PRIORITY CLAIMS**

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | | Estimated Total Payment |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

B. <u>Administrative Claims</u>:

    (1)    Trustee fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

    (2)    Attorney fees. Check only one box:

        [✔]  In addition to the retainer of $ __415.00__ already paid by the Debtor, the amount of $ __3,585.00__ in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        [ ]  $ _____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    (3)    Other administrative claims.

| Name of Creditor | | Estimated Total Payment |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

## 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

Case 1:17-bk-00457-RNO   Doc 3   Filed 02/07/17   Entered 02/07/17 10:27:47   Desc
Main Document    Page 7 of 9
Case 1:17-bk-00457-RNO   Doc 16   Filed 03/15/17   Entered 03/16/17 00:52:39   Desc
Imaged Certificate of Notice    Page 9 of 11

B.   All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % $ | $ |  |  |
|  |  | $ | % $ | $ |  |  |

6.   **REVESTING OF PROPERTY: (Check One)**

☐   Property of the estate will vest in the Debtor upon confirmation.  (Not to be used with Section 2H)

☑   Property of the estate will vest in the Debtor upon closing of the case.

7.   **STUDENT LOAN PROVISIONS**

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % $ | $ |  |
|  | $ | % $ | $ |  |

8.   **OTHER PLAN PROVISIONS**

A.   Include the additional provisions below or on an attachment.  **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

8

## 9. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the Debtor has not objected.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _____02/07/2017_____      /s/ Paul D. Murphy-Ahles
                                      Attorney for Debtor

                                      /s/ Jodi Estelle Cable
                                      Debtor

                                      _____
                                      Joint Debtor

9